```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARYL PINKNEY,

                           Petitioner,

        -against-                                          03 Civ. 4820 (LTS) (MHD)

DANIEL SENKOWSKI, Superintendent,
Clinton Correctional Facility

                           Respondent.
-------------------------------------------------------x
```

LAURA TAYLOR SWAIN, United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/03/06

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On August 3, 2006, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report") recommending that the Court dismiss Daryl Pinkney's petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. Petitioner filed a timely objection to the Report.

In reviewing the Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, a petitioner is not entitled to de novo review upon making general or conclusory objections that do not address specific issues in the magistrate's report and recommendation. See Vargas v. Keane, No. 93-CV-7852 (MBM), 1994 WL 693885 (S.D.N.Y. Dec. 12, 1994); Klawitter v. Chater, No. 93-CV- 0054E (JTE), 1995 WL 643367 at *1 (W.D.N.Y. Oct. 18, 1995); Murphy v. Grabo, No. 94-CV-1684 (RSP), 1998 WL 166840 at *1

(N.D.N.Y. Apr. 9, 1998). Nor is de novo review warranted where an objection merely reiterates arguments made before the magistrate judge. Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Under such circumstances, a report and recommendation is reviewed for clear error. Mantalvo v. Barnhart, No. 02-CV-0494, 2006 WL 3001161, at *3 (W.D.N.Y. 2006).

In his Objection, Petitioner mainly reiterates the same arguments that he made on appeal and in his original petition. The only novel allegation is that Magistrate Judge Dolinger failed to construe the petition liberally enough to ensure a thorough evaluation of Petitioner's rights. This is neither a specific objection to the contents of the Report that requires de novo review, nor is it an accurate statement. On the contrary, the Judge Dolinger diligently considered all colorable claims that might arise from the Petitioner's assertions. This includes both the due process grounds under the Fifth and Fourteenth Amendments and the right to an impartial jury under the Sixth Amendment, as suggested in the Objection.

The Objection's remaining arguments reiterate Petitioner's contentions that the trial court erred, first, by finding that all deliberating jurors in his case were properly sworn despite conflicting evidence and, second, by failing to include an alibi charge in the jury instruction. Both of the trial court's determinations were upheld on appeal. Thus, as the Report notes, Petitioner is entitled to habeas relief only if the State decisions were contrary to or misapplied federal law, or were based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C.A. § 2254(d) (West 2006). The Objection does not address this standard at all. Moreover, Petitioner does not address the Report's alternative and independent reason for recommending that the writ be denied: his claims, even if true, do not implicate a

violation of a constitutional right or of federal law.

The Court has thoroughly reviewed Petitioner's Objection and Judge Dolinger's comprehensive and well-reasoned Report and has determined that there is no clear error in the Report. The Court would reach the same conclusion if it applied the de novo standard of review. As the Report accurately concludes, even in the unlikely event the State's findings of fact were shown to be erroneous, Petitioner's claim would lack merit. Petitioner's allegations do not demonstrate a violation of a federal law or of a constitutionally protected right entitling him to relief under 28 U.S.C. section 2254. Accordingly, the Report is adopted in its entirety and the petition for a writ of habeas corpus is denied.

The Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2002). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2002); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issues a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated:   November 3, 2006
         New York, New York

_____
LAURA TAYLOR SWAIN
United States District Judge

PINKNEY.WPD    version 11/3/06